## WILLIAM B. CRANDELL *vs.* CITY OF TAUNTON.

A petitioner under the St. of 1871, *c.* 382, for a jury to assess the betterment on his estate to pay for the expense of widening the street on which it abutted, died and devised part of the estate to certain persons and part to others. *Held*, that all the devisees might join to prosecute the petition under the Gen. Sts. *c.* 43, § 25.

On a petition, under the St. of 1871, *c.* 382, for a jury to revise the assessment of a betterment levied by a city on the petitioner's estate to pay for the expense of widening a street, the petitioner cannot contend that the original assessment was invalid.

PETITION, under the St. of 1871, *c.* 382, entered at June term 1871 of the Superior Court, for a jury to determine the amount to be assessed on the petitioner's estate, consisting of three adjoining buildings, known as Union Block, Concert Hall, and Wilbur's Building, as a betterment levied to pay for the expense of widening Weir Street in Taunton, on which the estate abutted.

The petitioner died in April 1872, leaving a will, which was duly proved, and by which he devised Union Block to Charles W. Crandell; Concert Hall, two undivided fifths to Charles W. Crandell, and one undivided fifth to each of three persons, namely, Abigail F. Perry, Sarah B. Dean and Caroline W. Crandell; and Wilbur's Building to Caroline W. Crandell. At June term 1872 of the Superior Court these devisees appeared, and were allowed, by *Allen*, J., against the objection of the respondents, to prosecute the proceedings under the petition.

It appeared that the city council adjudged on May 5, 1869, that Weir Street should be widened · that on March 29, 1871, the

mayor and aldermen assessed a betterment on the estates upon the street; and that on July 12, 1871, the betterment was reassessed by the mayor and aldermen and common council. The petitioners contended that the adjudication was invalid because Weir Street had never been legally laid out, and because the easterly line of the street as widened was not properly established by the adjudication; that the assessment of March 29, 1871, was invalid because made by the mayor and aldermen alone; and that the reassessment of July 12, 1871, was invalid because made more than two years after the adjudication. It is unnecessary to report more particularly the facts which formed the ground of this contention.

The judge reported the case, by consent of parties, before verdict, for the determination of this court. The case to stand for trial, or judgment for the respondents to be entered, or such other disposition of it to be made as should seem required by law.

*J. Brown*, for the petitioner.

*T. M. Stetson & G. E. Williams*, for the respondents.

WELLS, J. Petitions for a jury under the " betterment laws ' are regulated by reference to the general provisions for the laying out and discontinuance of ways. Gen. Sts. *c.* 43. Those provisions are to be adapted, so far as they are applicable, to proceedings to revise the assessment of benefits, as well as to those for the estimate of damages. Section 25 provides that " no petition for a jury shall abate or be defeated by the death of the petitioner." This is applicable to the present case.

The statute authorizes devisees to prosecute the same petition or present a new one, " in the same manner and with the same effect as the original party might have done." The justness of the assessment, when made and as made, having reference to the ownership of the devisor in its entirety, is the matter to be passed upon by the jury. That this may be done " in the same manner and with the same effect " as if the original party were prosecuting it, requires that all those who succeed to his interests should join in the same proceedings. Indeed it would be impracticable to proceed otherwise where there is but one assessment upon an entire estate. And it is for the interest of the city that all parties should thus join.

It forms no objection to their joinder that their interests are not joint, but several or diverse. The reduction of the assessment, if they succeed in obtaining it, will leave the reduced amount as a lien upon the entire estate, to be distributed and applied by the same rules precisely as the larger sum would have been. These proceedings have nothing to do with the apportionment of the lien between the different interests of the several devisees, and will not in the least affect it.

But this form of proceeding, by petition for a jury, presents no questions for determination except such as pertain to matters proper for revision by the jury. It is collateral or incidental to the general proceedings for establishing the way, and assumes that such proceedings exist and are valid. If the petitioner desires to vacate the whole proceedings for any supposed invalidity, he must resort to a writ of *certiorari*. *Whiting* v. *Mayor & Aldermen of Boston*, 106 Mass. 89. The case must accordingly

*Stand for trial.*