JOHN P. TREADWELL *vs.* CITY OF BOSTON.
SAME *vs.* SAME.

Suffolk. March 6. — June 28, 1877. ENDICOTT & SOULE, JJ., absent.

A. owned an estate on the corner of K. Street and W. Street, upon which were five stores fronting on W. Street, one extending the whole depth of the estate and four to a private way called B. Place, running back from K. Street, which was parcel of the estate, subject to no easement and kept open for his tenants, and east of which was a building fronting on K. Street, in the rear of which was a dwelling house abutting on and entered from B. Place. K. Street was widened and two assessments of betterments were laid on the estates on the "corner of K. Street and W. Street," and on the "corner of B. Place," respectively. At the trial of two petitions brought by A. for a jury to revise these assessments, the presiding judge instructed the jury that the assessment in one case applied to all of A.'s land east of B. Place and in the other to all the remainder of the estate. *Held*, that A. had no ground of exception.

On a petition for the revision of a betterment assessed on land for the widening of a street, evidence of the injury to business by the obstruction of the street during the process of widening is inadmissible.

The benefit to land caused by the widening of a street is to be assessed according to its value at the date of the widening.

On a petition for the revision of a betterment assessed on land at the corner of W. Street and K. Street for the widening of K. Street, evidence that land on K. Street may be best used for lots fronting on W. Street instead of K. Street, is admissible.

TWO PETITIONS to the Superior Court, under the St. of 1871, *c.* 382, § 7, for a jury to revise assessments of betterments, made by the board of street commissioners of the city of Boston, the

first upon that part of the petitioner's estate situated at the corner of Kneeland Street and Washington Street, and the second upon that part situated at the corner of Bates Place, on account of the widening of Kneeland Street. The two cases were tried together, by consent of parties, before *Brigham*, C. J., who allowed a bill of exceptions, the substance of which appears in the opinion. The plan of the land introduced at the trial is printed in the margin.*

*G. O. Shattuck*, ( *O. W. Holmes, Jr.* with him,) for the petitioner.

*J. P. Healy & H. W. Putnam*, for the respondent.

COLT, J. The petitioner is the owner of an estate situate on the southeast corner of Washington Street and Kneeland Street. There are five stores on the same, fronting on Washington Street. The first four extend back from that street to a private way, called Bates Place, running back from Kneeland Street, which is parcel of the petitioner's estate, is subject to no easement, and is only kept open by him for the use of his tenants. The fifth store extends the whole depth of the petitioner's land. On the east side of Bates Place is a building fronting on Kneeland Street, and in the rear of it a dwelling-house abutting on and entered from Bates Place.

The petitioner, in two separate petitions, which were tried together by consent, asks for a reduction of two assessments laid for the expense of widening Kneeland Street, one on that part of the estate fronting on Washington Street, and the other on that part which is east of Bates Place. The estates assessed were described respectively as the estate on the corner of Knee-

Kneeland Street.

land Street and Washington Street and the estate on the corner of Bates Place.

1. We cannot say, in view of the situation and use of the petitioner's estate, as shown by the plan, that the judge erred in instructing the jury that the assessment in one case applied to all the petitioner's land east of Bates Place, and in the other, to all the remaining land included in the deed to him. It was the manifest intention to include the whole of the land in both assessments, and the descriptions of the two adjoining lots must be construed together so as to give effect to both.

2. The rejection of the evidence offered to prove injury to business by the obstruction of the street during the process of widening is not open to exception. The question for the jury was of the permanent benefit and advantage, if any, which these estates had received by this public improvement beyond the general advantage derived. Upon that question the temporary inconvenience occasioned by its construction was a matter so insignificant and remote that it might properly be excluded as an element in the estimate. See *Brooks* v. *Boston*, 19 Pick. 174, 178.

3. The benefit is to be estimated as of the date of the widening ; subsequent changes, such as unusual depression in business, or loss of trade from any cause, cannot be taken into account to affect the jury's estimate of the benefit to the market value of the property which accrued at the time of the widening. *Jones* v. *Boston*, 104 Mass. 461, 466. See also Gen. Sts. c. 43, § 14; *Parks* v. *Boston*, 15 Pick. 198, 208; *Dickenson* v *Fitchburg*, 13 Gray, 546, 558.

4. Some question was made by the petitioner at the trial, as to the legality of the assessment, but that question was not pressed at the argument. See *Crandell* v. *Taunton*, 110 Mass. 421.

All the points made by the petitioner at the argument, which are applicable to both petitions, are thus disposed of. But there was evidence that the value of the land east of Bates Place was due to the fact that it could in the future be best improved by using it to enlarge in the rear the lots fronting on Washington Street. We can see that the amount of the benefit to be assessed on the land east of Bates Place, for the widening of Kneeland Street, may well be affected by the consideration that the

land may be best used for lots fronting on Washington Street instead of Kneeland Street, and that in the future it will be likely to be so used. These were considerations which concerned the capabilities and actual value of that part of the estate, and tended to diminish the benefit likely to accrue from the widening of a street which, in the best use of the land, would bear the relation of a side street to it.

The judge excluded this part of the evidence. But the ruling was prejudicial to the plaintiff only in respect to the assessment on the land east of Bates·Place; as to the land fronting on Washington Street, the only tendency of the evidence was to increase both its value and the amount of benefits to be assessed. In the case which relates to the land last named the exceptions must be overruled. If there is any good reason, arising out of the fact that the cases were tried together, why a new trial should be granted, the application for it must be made in the Superior Court. In the other case the entry must be

*Exceptions sustained.*