## E. H. NEEDHAM *vs.* JOHN A. THAYER.

Hampshire.     September 18, 1888. — October 22, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Constitutional Law — Defence to Action on Judgment in Personam against Non-resident — Writ of Error.*

Under the fourteenth article of the Amendments of the Constitution of the United States, a defendant in an action brought here upon a domestic judgment *in personam* against him may set up in defence, that he was at the time the original action was brought a non-resident, and neither was served personally with process nor appeared therein; and he is not obliged to resort to a writ of error to invalidate the judgment.

CONTRACT on a judgment recovered by the plaintiff, on March 7, 1874, in the Superior Court. Writ dated May 16, 1887. The answer alleged, that the plaintiff ought not to maintain the action against the defendant "upon said judgment, because he had no notice of said suit in which said judgment was obtained; that at the time of the service of said writ in said last-named action the defendant was an inhabitant and resident of the State of Connecticut, and had no notice of the commencement of said action, or of its pendency in court."

At the trial in the Superior Court, without a jury, before *Dunbar*, J., after evidence that the judgment remained unsatisfied, the defendant offered evidence tending to show that at the time the original action, resulting in the recovery of the judgment, was commenced, he was not a resident of this Commonwealth, but was a resident of the State of Connecticut; that no service of the writ in that action was made as required by law, and no notice was given to him of such action; that such action was brought without his knowledge, and that he had no notice of the same until after the commencement of this action; and that the judgment in the original action was obtained against him by default. The judge, upon objection by the plaintiff, excluded the evidence, and found for the plaintiff; and the defendant alleged exceptions.

*D. W. Bond*, for the defendant.

*E. B. Maynard & C. C. Spellman*, for the plaintiff.

MORTON, C. J. The question of the validity of a judgment rendered by a court of this State against a defendant who was not a resident of the State, and who was not served personally with process within the State, was considered in *Eliot* v. *McCormick*, 144 Mass. 10. In that case this court, following the decisions in the Supreme Court of the United States, held that such judgment contravened the fourteenth article of the Amendments of the Constitution of the United States, and was invalid, and would be reversed upon a writ of error.

The case at bar presents the question, whether, in a suit in this State upon such a judgment, the defendant may show by plea and proof that it is invalid. The recent cases in the Supreme Court of the United States go upon the ground, that a judgment *in personam* against a person who is not a resident of

the State, who has not been personally served with process, and who has not appeared, is wholly void, and that no suit can be maintained on it, either in the same or in any other court. *Pennoyer* v. *Neff*, 95 U. S. 714, 732.   *Freeman* v. *Alderson*, 119 U. S. 185.   The court has no jurisdiction, and its judgment has no force, either in the State in which it was rendered, or in any other State.   This being so, the judgment cannot be enforced by a suit upon it, and the non-resident defendant cannot be deprived of his right to show by plea and proof, if such suit is brought, that the judgment is void, without an abridgment of his privileges and immunities, to protect which was the object of the fourteenth article of Amendment.   To compel him to resort to our courts by a writ of error, in which he must file a bond if he would obtain a stay of the execution, is to impose a burden upon him, and thus to abridge his privileges and immunities.   It has been held, in many cases, that a domestic judgment cannot be impeached by plea and proof in a suit brought upon it, because the proper remedy is a writ of error.   *Hendrick* v. *Whittemore*, 105 Mass. 23, and cases cited.   But while a State may make laws binding its own citizens, requiring them to resort to a writ of error, it cannot so bind citizens of other States.

The case of *McCormick* v. *Fiske*, 138 Mass. 379, seems opposed to our views.   But in that case the question of the effect of the fourteenth article of Amendment was not raised or suggested to the court, and therefore was not considered.   In the case at bar, the effect of that amendment is involved.   The defendant's answer sets up that, at the time when the original suit was brought against him, he was a non-resident, and that no service was made upon him.   We are of the opinion that he had the right to impeach the judgment by proof of these facts, and that the ruling rejecting such evidence was erroneous.

*Exceptions sustained.*