HENRY C. YOUNG *vs.* SARAH W. WATSON & others.

Bristol.   October 28, 1891. — November 27, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Res Judicata — Attorney — Authority to confess Judgment.*

In a writ of entry between residents of this State, the tenant appeared by attorney and filed an answer, and afterwards the attorney signed an agreement for judgment for the demandant, which was properly entered, and under which the demandant was put in possession. The tenant then brought another writ of entry against a grantee of the demandant to recover the premises, and at the trial admitted that, if the agreement by the attorney was authorized by him, it would be a bar to the action, but offered to show that it was unauthorized, and against his express direction. *Held,* that the evidence was properly excluded.

WRIT OF ENTRY, to recover a life estate in certain real estate in North Attleborough. Trial in the Superior Court, before *Sherman*, J., who excluded certain evidence offered by the demandant, and ordered a verdict for the tenants; and the tenants alleged exceptions. The nature of the evidence appears in the opinion.

*A. E. Bragg*, for the demandant.

*L. E. White*, for the tenants, was not called upon.

ALLEN, J. One Sweet had recovered possession of the demanded premises from the demandant Young, and we infer from the tenant's answer, though the fact is not otherwise stated, that Sweet subsequently conveyed the premises to the tenants, so that they stand in his place.

In the action of Sweet against Young, the latter entered an appearance by attorney, and filed an answer. Afterwards, the attorney signed an agreement that judgment be entered for the demandant, Sweet, but that the demandant take no costs. Judgment was accordingly so entered, and execution issued, and Sweet was put in possession.

In the present case Young's counsel admitted at the trial that, if the above settlement or agreement was authorized by Young, it would be a bar to this action, but offered to show that it was unauthorized, and against his express direction. This evidence was excluded.

Both Sweet and Young lived in this Commonwealth, and there was no question of the jurisdiction of the court, or of the authority of Young's attorney to appear for him, and to do such acts as were within his general authority as an attorney employed to conduct the defence of the action. The record shows a judgment properly entered. *Denton* v. *Noyes*, 6 Johns. 296, 300. If Young would impeach it, he must institute proceedings directly for that purpose. Being a party to it, he cannot impeach it in the present action. *Hendrick* v. *Whittemore*, 105 Mass. 23. *Needham* v. *Thayer*, 147 Mass. 536, 538.

*Exceptions overruled.*