DEXTER A. HALL *vs.* JOHN E. STAPLES & others.

Suffolk.    January 10, 1896. — June 16, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Certiorari* — *Abatement of Nuisance* — *Order of Assessment* — *Service
of Notice* — *Evidence* — *Laches.*

If the record of the board of health of a city recites that notice conformably to
Pub. Sts. c. 80, §§ 30, 31, of a hearing on the proposed abatement of a nuisance
was served upon " the owners of all land upon which it was necessary to enter,
and the owners of all land benefited by the abatement of said nuisance, in per-
son," an owner, although he has stood by and seen the work done without mak-
ing any objections, and although he does not bring his petition for a writ of
certiorari until the work has been completed at large expense, may show by
parol evidence that the notice was not served upon him, provided that the ques-
tion is not that of quashing the whole proceedings of the board in abating the
nuisance on his land, but of simply quashing the assessment upon him. HOLMES,
KNOWLTON, & BARKER, JJ. dissenting.

PETITION, filed October 16, 1894, for a writ of certiorari, to
quash an order of assessment of the board of health of the city
of Malden.    Hearing before *Knowlton*, J., who was of opinion
that the petition ought to be dismissed, but, at the request of
the petitioner, reported the case for the determination of the
full court.    The facts appear in the opinion.

The case was argued at the bar in January, 1896, and after-
wards was submitted on the briefs to all the judges.

*F. L. Hayes*, for the petitioner.

*J. F. Wiggin*, for the respondents.

FIELD, C. J.    The first question in the case is whether the
petitioner can contradict the record of the proceedings of the
respondents so far as it recites the service of notice upon him.    It
is generally true that the record of a domestic judgment cannot
be contradicted by oral evidence, but this is subject to some
exceptions.    A domestic judgment in an action at common law
against an inhabitant of the Commonwealth, which recites that
the defendant was duly served with process, or duly appeared
by attorney, can be contradicted with respect to the service or
appearance on a writ of error, and the fact can be tried and

determined. *Bodurtha* v. *Goodrich*, 3 Gray, 508. *Finneran* v. *Leonard*, 7 Allen, 54. *Hendrick* v. *Whittemore*, 105 Mass. 23. *Gilman* v. *Gilman*, 126 Mass. 26. *McCormick* v. *Fiske*, 138 Mass. 379. *Needham* v. *Thayer*, 147 Mass. 536. *Young* v. *Watson*, 155 Mass. 77. See *Packard* v. *Matthews*, 9 Gray, 311; *Eliot* v. *McCormick*, 141 Mass. 194. The court rendering the judgment has no judicial knowledge that the return of the officer that he has served the process on the defendant in the manner stated is true, and without legal service of process or an appearance in the cause the court acquires no jurisdiction over the person of the defendant, and it is for this reason that the truth of the return can be contradicted in a process brought directly to impeach the judgment. In actions at common law in this Commonwealth this process may be either a writ of review or a writ of error. See *Brewer* v. *Holmes*, 1 Met. 288; *James* v. *Townsend*, 104 Mass. 367; Pub. Sts. c. 187, §§ 3, 22.

No writ of error lies to such a tribunal as a board of health, and the only method of correcting errors in its proceedings in matters over which it has jurisdiction is by a writ of certiorari. While the record of such a board generally cannot be contradicted any more than the record of a court at common law, yet there are exceptions in both cases, and we think that in the present case the recital in the record of the service of process can be shown to be false by evidence, and that on the facts found it must be taken that the notice was not served on the petitioner. The record recited: "The notice of said hearing was served upon . . . the owners of all land upon which it was necessary to enter, and the owners of all land benefited by the abatement of said nuisance, in person."

The single justice before whom the petition was tried found as follows: "I further find that the petitioner had knowledge of the proposed change in the condition of the brook and the adjacent premises not very long after the order was made; precisely how soon, the evidence did not enable me to determine, but certainly while the work was going on, for he was there and saw the workmen engaged upon it early in the autumn of 1891. From the circumstances of the case, and from his general intelligence and knowledge in regard to matters of this kind, and from his testimony, I find that he then believed that the work

was being conducted by the public authorities, and that an assessment of a part or the whole of the cost of the work upon the landowners was probable. He did not inform the respondents or anybody representing the public or the city of Malden of his failure to receive notice until February, 1893, a long time after the work had been completed and the assessments had been made. He was all the time a resident of the city of Boston, and was not absent from the Commonwealth."

The petition was filed on October 16, 1894, and the assessments were made on January 16, 1892. The board of health acted under the provisions of the Pub. Sts. c. 80, §§ 28 et seq. The petitioner in his brief does not ask that the proceedings of the respondents be quashed in any respect except as to the assessment upon him. If the question were of quashing the whole proceedings of the board of health in abating the nuisance on the petitioner's land, it might well be held on the facts found that the petitioner had been guilty of laches, and that a writ of certiorari should be refused, on the ground that justice does not require that the whole proceedings be quashed. When the petition was brought, the work had been completed at large expense, and the petitioner had stood by and seen the work done without making any objection. Stone v. Boston, 2 Met. 220. Noyes v. Springfield, 116 Mass. 87.

But the assessment stands upon a somewhat different ground. Pub. Sts. c. 80, §§ 28, 30, 32, have been amended by the St. of 1887, c. 338. Before this amendment there was no appeal from the decision of the board of health upon the necessity and mode of abating the nuisance; and there was no appeal from the assessment and apportionment of the expenses of the abatement, but this assessment was included in the city or town taxes, and was liable to abatement as other taxes were. There was an appeal from the estimate and award of damages by the board of health, and this remains as before. Pub. Sts. c. 80, § 35. By Pub. Sts. c. 11, § 74, application for an abatement of a tax must be made within six months after the date of the tax bill.

St. 1887, c. 338, gave an appeal to the Superior Court from the decision of the board that a nuisance existed, but the party appealing must give notice of his intention to appeal within twenty-four hours after the decision, and within seven days must

present his petition to the Superior Court. This statute also gave to any person aggrieved an appeal to a jury from the decision of the board in the matter of the assessment of expenses, the application to be made within three months after receiving notice of the assessment, and the proceedings to be the same as in the case of lands taken for the laying out of highways. The original provision for an abatement was repealed.

As no notice was given to the petitioner, as required by the statutes, he has never been legally cited before the board of health to be heard upon the matter of the assessment, and he has had no opportunity to appeal from the decision of the board that a nuisance existed, and no opportunity to be heard upon the necessity and mode of abating the nuisance.

The seventh paragraph of the answer of the respondents is as follows: " And further answering, your respondents say that the assessment for the benefit of the complainant's premises was adjudicated by the board of health of said city of Malden to be three hundred forty-seven and twenty one-hundredths dollars ($347.20), payment of which was duly demanded of your complainant, but that your complainant neglected and refused to pay the same; and that on October 6, 1894, the said premises of the complainant were duly sold by George E. Hitchcock, the collector of taxes of said city of Malden, for non-payment of said amount assessed, all in accordance with the laws of this Commonwealth." It has not been expressly found that the allegations of this paragraph are true, but, if the petitioner had notice of the assessment, undoubtedly he could have applied for a jury under St. 1887, c. 338. But under such an application he could not contend that the assessment upon him was wholly void by reason of a want of notice. *Crandell* v. *Taunton*, 110 Mass. 421. *Foley* v. *Haverhill*, 144 Mass. 352. *Sisson* v. *New Bedford*, 137 Mass. 255, 262. The notice provided by Pub. Sts. c. 80, §§ 30, 31, if duly served, is all the notice required to warrant all the proceedings of the board. If this notice was not served on the petitioner, he received no legal notice of the fact that the board would proceed to make an assessment upon him. See *Prince* v. *Boston*, 111 Mass. 226. The assessment is somewhat in the nature of a personal judgment against the petitioner, and it is also made a lien upon his real estate benefited by the

abatement of the nuisance. Personal judgments against a defendant who has not been summoned or cited according to law, or has not appeared in the suit, cannot be upheld on the ground that the defendant, in some informal way, had acquired some knowledge of the proceedings.

A majority of the court are of opinion that the case is not so far distinguishable from *Grace* v. *Newton Board of Health*, 135 Mass. 490, as to affect the result there reached, and that the assessment is void. A writ of certiorari should issue quashing the assessment upon the petitioner. *So ordered.*

BARKER, J. I am for denying the writ. The petitioner knew of the mistake, and he has lain by for some years before making any protest or complaint. He does not now intimate that there was no nuisance, nor that the best way of abating it was not adopted, nor that the work was not well or economically done, nor that the share of the cost of the improvement assessed upon his land was unfair. If he had been damaged, he might have the writ. But as the writ is not a writ of right, it should be denied because he fails to show that he has been injured or is in any worse position than if the notice had been duly served. Mr. Justice Holmes and Mr. Justice Knowlton concur with this view.