### FIRST NATIONAL BANK OF MINNEAPOLIS *vs.* CITY NATIONAL BANK OF HOLYOKE.

Hampden.    September 29, 1902. — October 29, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Bills and Notes.   Contract,* Implied.   *Judgment.   Damages.*

An indorsement for collection on a check made by one bank in sending it to another for payment, not being an indorsement for transfer and sale, does not carry with it a guaranty .of previous indorsements.

A bank paying a check of one of its depositors, sent to it by another bank for payment, under the mistake of believing that the indorsement of the payee is genuine when in fact it is forged, may recover the amount so paid in an action for money had and received against the bank which presented the check. *Whether,* in such a case, the presentation of the check for payment implies a representation and warranty of the right to be paid, including the genuineness of the previous indorsement, was not passed upon.

An indorsement on a check by one bank sending it to another bank, the drawee, for payment " Pay to any National Bank or order " signed in the name of the first named bank by its cashier, and a · letter to the drawee enclosing the check and stating that it is enclosed " for collection and remittance ", do not indicate that the bank sending the check holds it to collect for another.

A Massachusetts bank sent to a Minnesota bank for payment a check drawn on the last named bank by one of its depositors. The indorsement by the payee was forged but neither bank knew or had notice of this. The Minnesota bank sent the money to the Massachusetts bank and charged the amount to its depositor. The Massachusetts bank innocently paid the money to the forger. The forgery being discovered, the drawer of the check brought an action in Minnesota against the Minnesota bank, which in turn gave notice to the Massachusetts bank to come in and defend the action. The Massachusetts bank did not do this. The action in Minnesota was tried on agreed facts and judgment was given for the plaintiff. Thereupon the Minnesota bank brought the present action against the Massachusetts bank. The judge found that the facts agreed in the Minnesota court were correct, and found that the Minnesota bank, the present plaintiff, was entitled to recover the amount of the judgment against it in the Minnesota action, the amount expended in defending that action and interest on those amounts. *Held,* that the decision was correct; that the present defendant having failed to defend the Minnesota action after notice to do so, was bound by the judgment, and none the less so because the case in Minnesota was tried on agreed facts found here to be correct; also that the defendant was bound to pay the present plaintiff the reasonable cost of defending the Minnesota action.

CONTRACT, by the First National Bank of Minneapolis in the State of Minnesota against the City National Bank of Holyoke in this Commonwealth, for the amount of a judgment recovered in Minnesota against the plaintiff by the drawer of a certain check, on which the indorsement of the payee, one George Raymond, had been forged by another person of the same name, and which was sent by the defendant to the plaintiff for payment and paid by the plaintiff to the defendant, also for the amount expended by the plaintiff in defending the action in Minnesota, and for interest on the amounts of the judgment and of the expenditures. Writ dated July 14, 1899.

In the Superior Court the case was tried before *Bishop*, J., who made the following findings and rulings:

"1. I find that the drawer of the check knew that the address of the payee intended in said check was George Raymond, 10 Newton Street, Holyoke, Mass., and that prior to the sending of the check the drawer had, so far as is shown by the letters put in evidence, so addressed its letters to him upon the envelopes, the letters themselves not containing in the address the street and number.

"2. I find that the drawer was not guilty of negligence in sending the check and letter in an envelope addressed to George Raymond, Holyoke, Mass., without the street and number.

"3. I find that the plaintiff was not guilty of negligence, and dealt with the check in the usual and ordinary course of business.

"4. I find that the indorsement upon the check was a forgery and that the check was never indorsed by the payee.

"5. I find that the agreed statement of facts used in the trial of the case of *Minnesota Saving Fund and Investment Company* v. *First National Bank of Minneapolis*, was true and correct, and this court finds, upon the evidence presented to this court, the same facts as those contained in said agreed statement, except the statement as to the conviction of George Raymond for forgery contained in the 11th paragraph of said agreed facts, as to which no evidence was presented to this court.

"6. I rule that the money paid by the plaintiff to the defendant was paid under a mistake of fact for which the defendant was responsible, and that the defendant is answerable to the plaintiff for the same.

"7. I find that the money paid by the plaintiff to the defendant was paid out of the funds of the Minnesota Saving Fund and Investment Company, on deposit with the plaintiff, and rule that the same was paid wrongfully, under a mistake of fact for which the defendant was responsible, that the defendant was properly vouched in to defend the suit brought by the Minnesota Saving. Fund and Investment Company against the plaintiff and is liable for the amount recovered in that suit, together with the proper expense of defending the same.

"I accordingly find for the plaintiff in the sum of $532.48, being the amount of the judgment sued upon, together with the expense incurred by the plaintiff in the defence of the suit brought against the plaintiff by the Minnesota Saving Fund and Investment Company, with interest from the date of the demands, as aforesaid."

To these findings and rulings the defendant excepted. The judge reported the case to this court for determination of the questions involved. If, upon the facts set forth in the report, the plaintiff was not entitled to recover for any amount, the finding was to be set aside and judgment entered for the defendant. If the ruling numbered 6 was correct, and the ruling numbered 7 erroneous, judgment was to be entered for the

plaintiff for the sum of $423.80, instead of for the sum found; otherwise, judgment was to be entered upon the finding, or such other order or decision was to be made as this court should determine.

*W. S. Robinson,* for the plaintiff.

*A. B. Chapin, A. L. Green & F. F. Bennett,* for the defendant.

LORING, J. In this case the plaintiff, which is a bank in Minneapolis, paid the defendant, which is a bank in Holyoke in this State, the amount of a check drawn on the plaintiff by one of its depositors. The check was originally payable to George Raymond, was indorsed in the name of the payee by one George T. Raymond, who was not the payee, and again indorsed by the defendant bank as follows: " Pay to any National Bank or order, City National Bank of Holyoke, by A. F. Hitchcock, Cashier," and forwarded by the defendant to the plaintiff, the drawee of the check, enclosed in the following letter, " written upon a blank ": " Dear Sir: Inclose for collection and remittance No. 15253 ck. No Pro $353.50." The plaintiff sent the defendant the amount of the check, and charged it to the drawer. The drawer, on discovering that the indorsement of the payee was forged, brought an action in Minnesota against the drawee, the plaintiff bank, to recover the amount of the check with interest; the plaintiff gave the defendant due notice of the suit and summoned it in to defend; but this defendant did not take upon itself the defence of the action. The Minnesota case was tried on an agreed statement of facts, judgment was rendered for the plaintiff for $387.58, made up of $353.50, the amount of the face of the check, $21.40 interest, and $12.68 costs; in addition, the Minnesota Bank paid $76 for defending the action on which it was sued, and brings this action to recover these sums. The case was tried without a jury, and a finding was made in favor of the plaintiff for $532.48, being the amount of the Minnesota judgment, $76 expended by the plaintiff in defending the action in Minnesota, and interest on those sums.

It appeared that the defendant bank did not advance anything on the check to the forger, when he delivered the check to it, but did pay over to him the amount sent it by the plaintiff after that was received, " less a commission of twenty-five cents for collecting."

The underlying question in this case is whether the defendant is liable over to the plaintiff. The first ground on which the plaintiff contends that the defendant is liable over to it is that by indorsing the check, the defendant guaranteed the genuineness of the prior indorsement. But the defendant did not indorse the check in that sense of the word; that is to say, the defendant did not enter into the contract of an indorser of a negotiable bill or note; the defendant did write on the back of the check, " Pay to any National Bank or order, City National Bank of Holyoke," and sent the check with that indorsement to the drawee named in the check for payment. This indorsement, if it can be properly called an indorsement, was not a transfer of the check, but was put on it when it was presented for payment. The indorsement of an indorser, using that word in its technical sense, imports a guarantee of previous signatures, because it is a transfer and sale; but an indorsement, which is not made for the purpose of transfer, is not an indorsement within the law merchant, and does not carry with it a guarantee of previous indorsements. See in this connection *Dedham National Bank* v. *Everett National Bank*, 177 Mass. 392, 394.

The plaintiff does not contend that the defendant is liable over on the ground that by presenting the check for payment there was an implied representation and warranty of the presenter's right to be paid, including the genuineness of the prior indorsement to it, see *Boston & Albany Railroad* v. *Richardson*, 135 Mass. 473, and upon that point we express no opinion; but it does contend that the defendant is liable to it in money had and received for the money paid it under a mistake of fact. We are of opinion that that position is well taken. *Welch* v. *Goodwin*, 123 Mass. 71. *Merchants' Bank* v. *National Bank of the Commonwealth*, 139 Mass. 513.

The defendant further contends that by its letter it notified the plaintiff that it was acting as agent in collecting the check, and having paid over the proceeds of the check to the forger in good faith after it received the amount of the check from the plaintiff and before it was notified of the claim of the plaintiff, is not liable to it. But there is nothing either in the indorsements on the check, or in the letter with which the check was enclosed, that indicates that the defendant held the check to

collect it for another.   The check purported to be indorsed by the payee to the defendant by an absolute indorsement, and in its letter to the plaintiff, the defendant said that the check was forwarded by it for collection, that is to say, the check was to be collected for it, not that it was collecting it for another. The undisclosed fact that it was in fact an agent for the forger and had paid the proceeds to him in good faith before it knew of the claim of the drawer of the check, is immaterial.

The defendant's next contention is that it is not bound by the judgment in the Minnesota court against the plaintiff in favor of the drawer of the check, and that the drawer by its negligence had estopped itself from contesting the validity of the indorsement of the check by the wrong George Raymond, and therefore the payment to the defendant was a good payment as between the drawee, the plaintiff in this action, and its customer, the drawer of the check.   But we are of opinion that it is bound by the judgment; if it is bound by the judgment, no defence arising out of the supposed negligence of the drawer is open here.   The ground on which the defendant rests its contention that it is not bound by the judgment in the Minnesota action is, that a person who is liable over cannot be vouched in to defend an action brought in another State.   Some countenance for this distinction is apparently given by the rule that a party, against whom a judgment has been rendered in another State, without his knowledge, is not forced to go to the other State and have the judgment vacated, (as he would have to do in case of a judgment in a State of which he is a resident, *Hendrick* v. *Whittemore,* 105 Mass. 23 ; *Young* v. *Watson,* 155 Mass. 77 ; *Bishop* v. *Donnell,* 171 Mass. 563, 565,) and can attack it collaterally, when it is set up.   *Needham* v. *Thayer,* 147 Mass. 536. But the right to attack such a foreign judgment, when rendered by another State of the United States, depends upon the fourteenth amendment of the Constitution of the United States. *Needham* v. *Thayer,* 147 Mass. 536.   And apart from that, being forced to go into another State is a burden on the party without any benefit.   On the other hand it is for the benefit of one, who is liable over, to get early notice that those facts are in issue in the other suit, on which his liability depends, (for example in this case that the payee's indorsement was a forgery,) and to

take measures to protect himself by getting the evidence on the point before it is too late, and in other ways.    We are therefore of opinion that the distinction set up by the defendant should not be made, and that the defendant is bound by the judgment in Minnesota.    The same conclusion was reached in *Konitzky* v. *Meyer*, 49 N. Y. 571, and *Knickerbocker* v. *Wilcox*, 83 Mich. 200, where the judgment was in another State of the United States.

While the right of the Minnesota bank to recover the sum from the Holyoke bank was not dependent on the Minnesota bank's having been forced to refund to its depositor the money paid out by it on the forged indorsement, yet it had the right, if it thought it wise so to do, to await the event of a claim upon it by its depositor, and, if it did so, it could notify the Holyoke bank, to whom it had paid its money, to come in and defend the action brought by the depositor, and thereby make the judgment in that action binding on the defendant here, the Holyoke bank.

It is no objection that the judgment in Minnesota was tried on agreed facts.    The presiding judge found that the facts agreed upon were correct.    In *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 155, the plaintiff was allowed to recover the sum, for which he had settled the original action, after notifying the defendant to come in and defend, on its being found that the sum paid in settlement was reasonable.

It is settled in this Commonwealth that one, who is properly summoned in to defend another action and does not do so, is liable to pay the reasonable cost of defending it.    *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 155.    *Boston & Albany Railroad* v. *Richardson*, 135 Mass. 473.

<div align="right">

*Judgment on the finding.*