THE WELLINGTON NATIONAL BANK v. F. K. ROBBINS, *etc.*

No. 14,248. (81 Pac. 487.)

SYLLABUS BY THE COURT.

1. NEGOTIABLE INSTRUMENTS—*Forged Indorsement—Contract of Subsequent Indorser.* When an indorsement is forged upon a genuine bank-check, or the name of the payee is placed thereon without authority, and the check is transferred and paid by a bank not the drawee, which in turn indorses it and collects it from the drawee bank, the latter is under no obligation to inquire as to the genuineness of the

first indorsement, as the second indorser guarantees the genuineness of the prior indorsement.

2. ——— *Recovery by Drawee from Prior Indorser.* In such a case, if the payee brings suit against the drawee, and the latter gives notice to its immediate indorser, requesting it to assume the direction and control of the defense, which it neglects to do, and the drawee employs counsel and defends the action in good faith, and judgment is rendered against it for a portion of the claim and it pays such judgment, the drawee is entitled to recover of its immediate indorser the amount of the judgment so paid, together with all necessary and reasonable attorney's fees and expenses incurred in such defense.

Error from Sumner district court; CARROLL L. SWARTS, judge.  Opinion filed July 7, 1905.  Reversed.

### STATEMENT.

ON the 5th of September, 1898, Kettering & Sons were indebted to the Parkhurst-Davis Mercantile Company in the sum of $249.71 and had on deposit in the plaintiff bank sufficient funds to pay this sum. On that day they drew their check on plaintiff for that amount and delivered it to one F. H. Teale, a salesman of the mercantile company. Teale indorsed the check "Parkhurst-Davis Mercantile Company, per F. H. Teale, salesman," presented the same to the defendant bank, and received from it $32 in cash and a draft for the balance, payable to the order of the mercantile company. Teale forwarded the draft to the mercantile company with instructions to credit it on two accounts other than that of Kettering & Sons, and converted the $32 cash to his own use. The defendant indorsed the check "The Farmers' Bank, Wellington, Kan., paid September 6, 1898," delivered it to the plaintiff, and received full payment thereof.

The mercantile company, after learning of the transaction, claimed that the indorsement of the check by Teale was a forgery, that he was not authorized to indorse any check payable to them, and demanded full

payment of the check from the plaintiff, and, upon re-
fusal, brought an action against the plaintiff for the
sum of $249.71. The plaintiff informed the defendant
of the bringing of the action, and requested it to come
in and defend, to which the defendant paid no atten-
tion. Plaintiff defended, and the action resulted in a
judgment in favor of the mercantile company against
the plaintiff for the sum embezzled by Teale, which,
with interest, amounted to $39.47, and costs, aggre-
gating $85.12.

The plaintiff paid the judgment of the mercantile
company and demanded payment from the defendant,
which was refused, and thereupon brought this action
for the amount so paid, and $50 attorney's fees, aggre-
gating $135.12. The defendant answered by a general
denial, and alleged negligence on the part of the plain-
tiff in failing to discover and notify defendant of the
forgery. An agreed statement of facts was made in
open court, embodying substantially the foregoing
statement, with the additional agreement that the
plaintiff had paid $50 attorney's fees in the action
against it by the mercantile company and that the
amount so paid was reasonable.

Plaintiff was given judgment for $39.47, with in-
terest, to which it excepted. The plaintiff's motion
for a new trial was denied, and it brings the case here
for review, alleging error by the court in the amount
of the judgment and rulings upon the evidence.

*Ed. T. Hackney,* for plaintiff in error.

*C. E. Elliott,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Under the agreed statement of facts in
this case the defendant was responsible to the plaintiff
for the money it paid out upon the check with the
forged indorsement. The rule, as laid down in a note
to *People's Bank v. Franklin Bank* (88 Tenn. 299), in

volume 17 of the American State Reports, page 898, reads:

"Money paid upon a forged indorsement of a check or draft may be recovered back. The bank or drawee is not bound to know the signature of an indorser. And the holder, whether he indorses the instrument or not, warrants the genuineness of all prior indorsements. If, therefore, a check or draft upon which the name of a prior indorser has been forged is paid, the amount may be recovered back from the party to whom it has been paid, or from any party who indorsed it subsequent to the forgery."

The case of *Corn Exchange Bank v. Nassau Bank,* 91 N. Y. 74, 43 Am. Rep. 655, cited by the defendant, sustains this doctrine, but in that case it was held that the drawee was not entitled to recover the expenses of the suit, for the reason that it had not discharged its duty to the defendant as a depositor. In the case at bar, however, the plaintiff, upon being sued for the entire amount of the check, notified the defendant in writing and requested it to assume and take charge of the defense of the case. This it was the defendant's duty to do, and it neglected to do it. The owner of the defendant bank, however, testified as a witness in that action, and had every opportunity to have any defense made that it could have made if it in fact had been a party. It was the duty of the defendant to see the plaintiff harmless on its contract of warranty that the indorsement of the mercantile company on the check was genuine, and it ill becomes the defendant to say that when the plaintiff was sued it should have paid the full amount claimed and then sought to recover it from the defendant. The plaintiff defended in good faith, employed counsel in good faith and at an agreed reasonable price, and saved the defendant over $200, and is entitled to recover the full amount claimed. The agreed statement of facts embraces every question material to the determination of the case, and the evidence offered and introduced by the defendant de-

volved neither upon the trial court nor upon this court the weighing of evidence to determine the facts.

In the case of *Bank v. Williams,* 62 Kan. 431, 434, 63 Pac. 745, the court quotes from section 58 of Sutherland on Damages, second edition, as follows:

"If one's property is taken, injured or put in jeopardy by another's neglect of duty imposed by contract, or by his wrongful act, any necessary expense incurred for its recovery, repair or protection is an element of the injury. It is often the legal duty of the injured party to incur such expense to prevent or limit the damages; and, if it is judicious and made in good faith, it is recoverable, though abortive."

At the trial, after the agreement as to the facts given in the statement, the plaintiff rested. The defendant then offered evidence, over the objection of the plaintiff, of the custom between the banks at Wellington, and of the understanding of the cashier of the defendant bank as to the meaning of the indorsement placed by it upon the check, all of which we think was incompetent.

The act of the plaintiff in defending the action of the mercantile company was in good faith, and was not abortive, but resulted in great good to the defendant. By so much more ought the plaintiff to recover.

The judgment of the district court is reversed, and the case is remanded with instructions to enter judgment for the plaintiff for $135.12, with interest at the rate of six per cent. per annum from November 19, 1901, and for costs.

All the Justices concurring.