THE UNITED STATES MORTGAGE AND TRUST COMPANY, Plaintiff, *v.* LIBERTY NATIONAL BANK, Defendant.

(Supreme Court, New York Special Term, May, 1920.)

Negotiable instruments — forged indorsements — negligence of drawer no defense — bills, notes and checks — pleading — banks.

> Where the names of the various payees of certain checks were forged by an employee of the drawer, who deposited the checks to his personal account in the defendant bank, which collected them from the bank upon which they were drawn, negligence on the part of the drawer is no defense to an action by the drawee to recover back the amount paid by it to defendant.
>
> Demurrer to separate defense alleging negligence on the part of the drawer of the checks sustained, and plaintiff's motion for judgment on the pleadings granted.

ACTION to recover amount paid on certain checks.

Patterson, Eagle, Greenough & Day (Carroll G. Walter, of counsel), for plaintiff.

White & Case (Robert Forsyth Little and Joseph M. Hartfield, of counsel), for defendant.

Ford, J.   The plaintiff bank paid to the defendant bank certain checks upon which the names of various payees were forged.   An employee of the drawer had come into possession of the checks, perpetrated the forgeries and transferred them to a third party who deposited them to his personal account in the defendant bank, which collected them from the plaintiff, the drawee bank.

The complaint states a good cause of action for the recovery of the amount so paid.

Negligence on the part of the drawer of the checks is set up as a separate defense to which a demurrer has been interposed and the recent case of *Prudential Insurance Co.* v. *National Bank of Commerce,* 227 N. Y. 510, is cited as authority for the validity of the defense.

That case was originally tried before me.   Evidence of negligence of the drawer was received tending to prove that the drawer had or should have knowledge of the long continued practice of one of its general agents to forge the names of the payees on checks sent to him by their drawer, to deposit them on his own account and then make payment to the original payees by his personal checks.   The negligence charged in the defense demurred to here is of a similar nature.

In the *Prudential* case as tried before me the question of the negligence of the plaintiff drawer was submitted to the jury, who found for the defendant drawee, thus sustaining the charge of negligence. The Appellate Division reversed (177 App. Div. 438) upon the ground that the defense was untenable. Upon a new trial before another justice, he directed a verdict for the plaintiff in accordance with the decision of the higher tribunal.   The trial court was affirmed as of course by the Appellate Division and the latter court reversed by the Court of Appeals in a

decision which was in effect an affirmance of my own view of the law upon the first trial.

Thus appears the reluctance with which the courts have gone even so far as they did go in the *Prudential* case, which merely sanctioned the interposition of the defense of negligence as between the drawer and drawee. To permit the negligence of the drawer to be set up in an action between the drawee and its immediate indorser, to which action the drawer is not a party, would be an extension of the rule not only unwarranted by anything in the *Prudential* case itself, but opposed to the well-settled policy of the law to guard the integrity of indorsements on negotiable paper passing in good faith from hand to hand and serving beneficently the ordinary purposes of commerce and finance.

The motion is granted and the demurrer sustained, with ten dollars costs.

*Motion granted, with ten dollars costs.*