### SECURITY SAV. BANK OF COVINGTON, KY., v. FIRST NAT. BANK OF MICHIGAN CITY, IND.

No. 7829.

Circuit Court of Appeals, Sixth Circuit.
Sept. 18, 1939.

M. H. McLean, of Covington, Ky. (M. H. McLean, of Covington, Ky., on the brief), for appellant.

John Colville Taylor, of Cincinnati, Ohio (Peck, Shaffer & Williams, Floyd C. Williams, and John Colville Taylor, all of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

The Bromwell Wire Goods Company, a Delaware corporation, has its principal place of business in Cincinnati, Ohio. It operates a factory in Michigan City, Indiana. For several years, it purchased goods from the firm of Mitchell Brothers, of Cadillac, Michigan. Often several shipments from that firm were received at its Michigan City factory and paid for within a week's time. When an invoice for such goods was received in Cincinnati, it was sent to the superintendent of the factory at Michigan City, who checked it to see that the goods had been received and the prices were correct, made the proper notations thereon and returned it, with bill of lading attached, to the Cincinnati office. Robert H. Harner, the Secretary-Treasurer, then made the proper bookkeeping entries, drew the Bromwell Company's check, payable to the order of Mitchell Brothers, upon appellee, a corporation engaged in banking in Michigan City, Indiana, and signed it as Secretary-Treasurer. The check thus drawn, with the invoice attached, was then placed upon the desk of the President, Thomas W. Melish, whose signature, as well as that of Harner, was essential to the validity of the check. After comparing the amount of the check with the invoice, Melish affixed his signature as President thereto and placed it upon the desk of an employee named Jones. He, in turn, put the check and the invoice in an envelope addressed to Mitchell Brothers and deposited the envelope in a basket from which it was generally taken for mailing either by a letter carrier or an employee of the Bromwell Company.

On April 6, 1931, Harner surreptitiously took one of these envelopes from the mail basket and abstracted the check. Soon afterward he made out a second check in payment of the same invoice and placed it with other checks on the desk of Melish for his signature. From time to time, until January 11, 1933, he took other checks payable to Mitchell Brothers from the mail basket and in like manner made out duplicates shortly thereafter. Because the bills of Mitchell Brothers were thus promptly paid, no complaint was ever received from them; and checks were written so frequently to Mitchell Brothers that the President did not discover that some of them were duplicates, until thirty-two, aggregating $4,527.25, had been stolen by Harner.

When Harner stole the first check, he took it to the Security Savings Bank of Covington, Kentucky, appellant herein, and, representing that he was Secretary and Treasurer of Mitchell Brothers, opened an account there. Checks drawn on the account were to be signed by Harner as Secretary and Treasurer of Mitchell Brothers. From time to time, checks stolen by Harner were deposited with appellant, indorsed by a rubber stamp, as follows: "Pay to the order of Security Savings Bank, Mitchell Brothers." Appellant indorsed the checks "Pay any bank or banker" and deposited them in the Lincoln National Bank of Cincinnati. It similarly indorsed them and transmitted them for collection through the Federal Reserve Bank of Chicago. Appellee paid them without knowledge that the payee's indorsement was forged and, upon discovery of Harner's defalcations, sued to recover the amount of the checks thus collected by appellant.

The District Court found that, when Harner opened the account with appellant and arranged for the withdrawal of funds upon the presentation of checks signed by himself as Secretary and Treasurer of Mitchell Brothers, it made no investigation of him, his connection with either Mitchell Brothers, or the Bromwell Company, and required no evidence of authority to indorse or draw checks on behalf of Mitchell Brothers. It also found that, when Harner made out and signed a check for the Bromwell Company, in payment of an invoice, he then had no intention of stealing it, but took it later if he discovered opportunity to do so; that both Harner and Melish, when they signed a check payable to Mitchell Brothers, intended that it should pay the Bromwell Company's debt evidenced by the attached invoice. It concluded as a matter of law that appellee was entitled to recover the amount of the checks in question and rendered judgment accordingly.

■ The first and principal error assigned is the action of the District Court in striking a portion of appellant's answer.

In that portion of the answer that was stricken, appellant alleged that Mitchell Brothers was a regular depositor with appellee and that appellee was put on notice that the indorsements in question were not genuine because the checks were not presented to it for payment by Mitchell Brothers, the payee, as was generally the practice. From appellee's continued payment of the checks under these circumstances, an estoppel in favor of appellant was claimed to arise. It was also alleged that appellee sent monthly statements to the Bromwell Company, which bore notice that all charges would be valid to which no objection was made within ten days after receipt of the statement. It was not alleged, but may be inferred, that appellant claimed that a contract between appellee and the Bromwell Company resulted, in consequence of which the latter's failure timely to object to the charges against it of the checks in question precluded it from recovering from appellee the amount of the stolen checks. Appellant further alleged that appellee had agreed with the Bromwell Company to bring this suit and turn over to it any moneys recovered therein. On the basis of these facts, appellant claimed that the Bromwell Company was the real party in interest and prayed that it be made a party defendant.

We are of the opinion that there was no error in striking this portion of appellant's answer.

■ There is general agreement that, even without an express guaranty of prior indorsements, a drawee who pays a check without knowledge that an essential indorsement has been forged, may recover from either the holder paid or a prior indorser, if guilty of no negligence that is injurious to the defendant after discovery of the forgery. See Leather Manufacturers' Bank v. Merchants' Bank, 128 U.S. 26, 9 S.Ct. 3, 32 L.Ed. 342; First Nat. Bank of Portland v. United States National Bank of Portland, 100 Or. 264, 197 P. 547, 14 A.L.R. 479; Yatesville Banking Co. v. Fourth Nat. Bank, 10 Ga.App. 1, 72 S.E. 528; Brannan's Neg.Instr. Law, 6th Ed., 329–330. Many courts, allowing a drawee to recover against the holder it paid, have said that such holder impliedly warrants the genuineness of all prior indorsements. See American Exch. Nat. Bank v. Yorkville Bank, 122 Misc. 616, 204 N.Y.S. 621, affirmed by memorandum 210 App.Div. 885, 206 N.Y.S. 879; Insurance Co. of North America v. Fourth Nat. Bank of Atlanta, 1926, D.C., 12 F.2d 100; Id., D.C., 14 F.2d 131; Id., 5 Cir., 28 F.2d 933, certiorari denied 279 U.S. 853, 49 S.Ct. 349, 73 L.Ed. 996; Wellington Nat. Bank v. Robbins, 71 Kan. 748, 81 P. 487, 114 Am.St.Rep. 523; Yatesville Banking Co. v. Fourth Nat. Bank, supra; Brannan,

op. cit. 818. But, in criticism of this reasoning, it has been pointed out that, under the Negotiable Instruments Law, the drawee does not become a holder, nor do presentation and payment constitute negotiation, the signature of the last holder merely indicating receipt of payment and not constituting an indorsement from which a warranty may be implied. See First Nat. Bank of Minneapolis v. City Nat. Bank of Holyoke, 182 Mass. 130, 65 N.E. 24, 94 Am.St.Rep. 637; First Nat. Bank of Portland v. United States Nat. Bank of Portland, supra; Figuers v. Fly, 137 Tenn. 358, 193 S.W. 117; Negotiable Instruments Law, Secs. 65 and 66; Brannan, op. cit., 816–817. Yet it does not follow that recovery against a prior indorser upon the warranty analogy is subject to the same criticism. See Brannan, op. cit., 817. When the drawee has paid the last holder, to whom the implied warranty clearly extends, and elects to proceed against a prior indorser, it should be in no worse position than the last holder would have been, had the drawee recovered from it.

■ Even those who criticise the implied warranty theory upon which recovery is allowed against the last holder concede that the drawee may recover from such party as for money paid under mistake of fact. See First Nat. Bank of Minneapolis v. City Nat. Bank of Holyoke, supra; First Nat. Bank of Portland v. United States Nat. Bank of Portland, supra; Brannan, op. cit. 818. In such event, the last holder may recover from any prior indorser for breach of the implied warranty. Each holder may also recover in turn from his indorser as for money paid under mistake of fact. In consequence, the loss will eventually rest upon the first indorser subsequent to the forged indorsement. Inasmuch, therefore, as the appellee is entitled to recover the money paid, and the loss must ultimately fall upon the appellant, a direct recovery by appellee avoids unnecessary litigation and accords with authority. See Farmers' Nat. Bank of Augusta v. Farmers' & Traders' Bank of Maysville, 159 Ky. 141, 166 S.W. 986, L.R.A.1915A, 77.

■ The contention that appellee should have inferred from the fact that the checks were not cashed or deposited with it by Mitchell Brothers that the indorsements in question were forged is not persuasive. From this fact, it could have been inferred quite as reasonably that Mitchell Brothers had cashed the checks or had opened an account with appellant.

■ But, even if appellee, by the exercise of reasonable care, might have discovered the forgeries, its failure to do so would not preclude recovery. A drawee must determine the genuineness of the drawer's signature at its own peril when it pays a check. However, as to the genuineness of an indorser's signature, timely notice after discovery that an indorsement has been forged is all that is required. See Insurance Company of North America v. Fourth Nat. Bank, supra; Yatesville Banking Co. v. Fourth Nat. Bank, supra.

■ We doubt whether a contract between the Bromwell Company and appellee came into existence, as contended by appellant, in consequence of the former's receipt, without objection, of monthly statements asserting that objections to charges therein must be registered within ten days. But, conceding for the sake of argument that there was such a contract, we are of the opinion that it does not follow that appellant was thereby relieved from its obligation. Had the checks in question borne genuine indorsements by Mitchell Brothers, appellee's payments alone would have extinguished pro tanto its indebtedness to the Bromwell Company. Whether statements were sent would then have been of no consequence. But the forgery of Mitchell Brothers' indorsements prevented payments alone from having this effect. If there was a contract, as contended, it merely made failure to object within ten days a condition subsequent to so much of appellee's indebtedness to the Bromwell Company as equalled the returned checks bearing forged indorsements. But this condition is like any other condition provided for in a contract, in that its benefit may be waived by the party in whose favor it operates. Appellee's suit to recover the amount of the checks paid by it constituted a waiver of this condition, and appellant is in no position to object to the waiver of a condition in a contract that was not made for its benefit.

■ However, even if a drawee is relieved from obligation to its depositor, it does not necessarily follow that a holder who has received money without right is entitled to benefit thereby. See American Exch. Nat. Bank v. Yorkville Bank, supra; Brannan, op. cit. 331.

■ Appellant's allegation that appellee had agreed to turn over any recovery had

**546**

in this suit was properly stricken. We have already decided that appellee has a right to recover from appellant the amount of the checks in question because an essential indorsement prior to that of appellant was forged. We have also held that appellant's obligation was unaffected by the alleged contract between appellee and the Bromwell Company, requiring that objections to items charged be made within ten days. We have likewise said that appellant's obligation was not affected by any negligence of appellee. In consequence of these views, it follows that what appellee may have promised to do with any recovery had in this suit is immaterial. See Norcross Butter & Cheese Mfg. Co. v. Summerour, 114 Ga. 156, 39 S.E. 870; Yatesville Banking Co. v. Fourth Nat. Bank, supra; Cf. American Exch. Nat. Bank v. Yorkville Bank of N. Y., supra.

Appellant has also argued in its brief that the Bromwell Company neglected to discover and report to appellee the forgeries of Mitchell Brothers' indorsements, in consequence of which it was estopped to deny that appellee's obligation to it was not discharged pro tanto. Since it is not liable to the Bromwell Company, appellee can have no interest in any questions arising out of the forgery of Mitchell Brothers' indorsements,—so the argument runs.

A sufficient answer to this contention is that appellant nowhere in its answer alleged that the Bromwell Company was negligent, nor did the District Court make any finding to that effect; but, even assuming negligence as claimed, appellee alone may take advantage of it. American Exch. Nat. Bank v. Yorkville Bank of New York, supra; Sprague v. West Hudson County Trust Co., 92 N.J.Eq. 639, 114 A. 344, 17 A.L.R. 952; United States Mortgage & Trust Co. v. Liberty Nat. Bank, 112 Misc. 149, 184 N.Y.S. 32, affirmed 201 App.Div. 838, 192 N.Y.S. 955; Brannan, op. cit. 331.

Appellant has also contended that the checks in question were payable to a fictitious payee and, in legal effect, payable to bearer. In consequence, it is argued that the indorsement of Mitchell Brothers was unnecessary and its forgery of no consequence. To dispose of this contention, it needs only to be observed that the District Court found that both Harner and Melish intended, when they signed the checks, that they should go to Mitchell Brothers in

extinguishment of the indebtedness evidenced by the invoices attached. There being adequate evidence to support this finding, it is obvious that the principle invoked by appellant is inapplicable.

The appellant's other assignments of error are without merit and require no discussion here.

The judgment of the District Court is affirmed.