UNITED STATES v. NATIONAL PARK BANK OF NEW YORK.

*(District Court, S. D. New York.   January, 1881.)*

1. MONEY PAID UNDER A MUTUAL MISTAKE OF FACT—FORGERY OF DRAWEE'S NAME—NEGLIGENCE.

Where the defendant collected from the plaintiff the amount of a draft received by it from another bank for collection, crediting the payment in its account with the latter, which draft was drawn by a paymaster for bounty money, to the order of one D., upon the assistant treasurer of the United States at New York, purporting to be indorsed by him, and was indorsed by the other bank, but not by the defendant, and it was claimed that the fact that D.'s name was a forgery was not discovered by the plaintiff until 10 years afterwards, and not communicated to the defendant until another year had elapsed,—

In an action to recover the money:

*Held,* that the case is clearly one of payment of money under a mutual mistake of fact, and the plaintiff is entitled to recover, there being no allegation or proof of any loss or damage to the defendant, or of any loss of remedy by the defendant against the bank from which the draft was received, by reason of the delay in discovering or communicating information of the mistake.

That mere negligence, unattended with such loss or damage, cannot impair the equity of the party, paying money under a mutual mistake of fact, to recover it from the other party who received it without giving any consideration therefor.

The rule declared in *Price* v. *Neal*, 3 Burr. 1354, relating to the acceptance or payment of a draft, the drawer's signature being forged, and cases following it, are now regarded as exceptions to the general rule.

The cases of counterfeit money rest on a different principle, the theory being that delay must necessarily impair the remedies over of the party from whom the money was received.

In this case the defendant has a complete remedy against the other bank upon the plaintiff's recovery in this action. It is immaterial what the plaintiff may do with the money, or what is its duty towards D.

*C. P. L. Butler,* Ass't Dist. Att'y, for plaintiff.

*Barlow & Olney,* for defendant.

CHOATE, D. J.   This is a suit brought to recover the sum of $100, paid under a mistake of fact.   A jury trial has been waived.   There is no dispute as to the facts.   One Dunlap made application for bounty money, and in settlement of the claim a paymaster of the United States drew a draft on the

assistant treasurer at New York for the sum of $100, payable to the order of Dunlap.   The defendant received the draft from another bank for collection, indorsed in the name of Dunlap, and also indorsed by such other bank.   Without indorsing the draft, the defendant presented it to the assistant treasurer in New York, and received the $100, on the sixteenth of March, 1869, and immediately thereafter allowed it as a credit in its account with the bank from which it was received.   The indorsement of Dunlap's name was a forgery. This is a clear case of payment under a mutual mistake of fact.   It is claimed, however, for the defendant that the plaintiff cannot recover on account of its negligence in informing the defendant of the forgery after its discovery that the indorsement was forged.   It is claimed that the plaintiff discovered the forgery when Dunlap made another application for the bounty, which he did on the twenty-fourth of February, 1879, and that no information of the forgery was communicated by the plaintiff to the defendant till February 3, 1880.   It is not alleged in the answer, nor is there any proof, that the defendant has suffered any loss or damage by reason of this delay, or lost any remedy over against the party from whom it received the draft and to whom it paid the money.   But it is contended that such delay is itself negligence of such a character that loss or damage will be presumed to have resulted from it.   I think this point is not sustained, either by authority or the reason of the thing. Money thus paid under a mistake of fact is recoverable, because it is paid without any actual consideration, and cannot equitably be retained.   The rule is equitable, and may be defeated where to allow the recovery would be inequitable. Negligence in the transaction, unattended with any loss or harm resulting from such negligence to the other party, surely does not impair the equity of the claim against him. Such negligence does not touch the reason of the rule allowing the recovery.   If that negligence consists in delay in making the reclamation, with what justice can the party to whom the payment was made say that though he received the money under a mistake of fact, and was bound to return

it a year ago, and could not justly or equitably keep it then, because it did not belong to him; yet, now that the party paying has neglected to let him know of his claim after discovery of the mistake, he can justly and properly keep it? This would be absurd. The authorities are to this effect: that negligence in giving information of the mistake to the other party, with resulting loss of remedy over, is a defence, but otherwise not. The doctrine rests on the duty which the party paying owes to the other to shield him, as far as possible, from loss or damage resulting from the mistake, when he discovers that it is such. If the failure to perform that duty results in loss or damage to the other party, then it is inequitable that he should be obliged to refund. But if that negligence has made no difference to him then it is immaterial. See *Kingston Bank* v. *Ellinge,* 40 N. Y. 391; *Meyer* v. *The Mayor,* 63 N. Y. 455; *Pardee* v. *Fisk,* 60 N. Y. 271; *Union Bank* v. *Leath Nat. Bank,* 43 N. Y. 456; *Allen* v. *Fourth Nat. Bank,* 59 N. Y. 19; *Bank of Commerce* v. *Mechanics' Banking Ass'n,* 55 N. Y. 213; *Continental Nat. Bank* v. *Nat. Bank Com.* 50 N. Y. 575. These cases, it is true, are mostly cases where the negligence imputed was in making the payment or in not discovering the mistake, but I think the reasoning on which they proceed applies with equal force to cases where the imputed negligence is in giving information after discovery of the mistake. *U. S.* v. *Union Nat. Bank,* D. C., S. D. N. Y., April 24, 1879; 2 Parsons' Notes and Bills, 597. The rule declared in *Price* v. *Neal,* 3 Burr. 1354, which precludes recovery where the mistake consists in the erroneous admission as genuine, by acceptance or payment, of a draft where the signature of the drawer was forged, and the cases following it, are now regarded as exceptions to the general rule that negligence in making the payment, even where the matter mistaken was peculiarly within the plaintiff's knowledge, or one as to which he had a duty of inquiry, unattended with damage, does not defeat the action. *Allen* v. *Fourth Nat. Bank, ut supra;* and see *Welch* v. *Goodwin,* 123 Mass. 71. The cases cited by the defendant's counsel, where delay in giving notice that money

received was counterfeit was held fatal to the recovery without actual proof of damage, are quite different in principle from this case. They proceed upon the theory that such delay, from the nature of the case, must necessarily impair the remedies over of the party from whom the money was received, and make it more difficult, if not impossible, for him to trace out the source from which he himself received it, or to find the guilty party and obtain restitution from him. *Pindall's Ex'rs* v. *N. W. Bank*, 7 Leigh, (Va.) 617, and cases cited; *Gloucester Bank* v. *Salem Bank*, 17 Mass. 22. In the present case the defendant's answer shows that it received the draft from another bank, and its remedy over will be complete upon the plaintiff's recovery in this action. *Merchants' Nat. Bank* v. *First Nat. Bank of Baltimore*, 3 FED. REP. 66. I think there was no obligation on the part of the plaintiff to surrender or tender to the defendant, upon the trial, this draft. The possession of it was not necessary to a recovery over. I see no force in the argument, urged by defendant's counsel, that the plaintiff has no just claim, *ex æquo et bono*, because Dunlap cannot sue the government if the plaintiff recovers; nor is there any force in the suggestion that the suit is virtually one for the benefit of Dunlap, and that he has been grossly negligent. What the government may do with the money, or what its duty is towards Dunlap, are matters immaterial. The defendant has received the plaintiff's money, for which it gave no actual consideration, and is bound in law and *ex æquo et bono* to return it. It is unnecessary to consider the point made for the plaintiff that there was no such negligence in this case as the defendant's arguments have assumed, or that, if there was, it would not operate to defeat the action on the general ground that laches is not imputed to the government by reason of the negligence of its officers.

Judgment for plaintiff, **with interest and costs.**