UNITED STATES *v.* THE CENTRAL NATIONAL BANK OF PHILA-
DELPHIA.*

(*District Court, E. D. Pennsylvania.*   February 7, 1881.)

1. PAYMENT OF CHECK BY UNITED STATES ON FORGED INDORSEMENT—
   DUTY OF GOVERNMENT TO GIVE NOTICE IN REASONABLE TIME—
   FORFEITURE OF RIGHTS BY DELAY.

   The failure of the United States to give notice of the forgery of an
   indorsement of a check on the treasury within a reasonable time after
   the payment of the check will bar its recovery of the money from the
   person to whom the check was paid.

2. SAME—GOVERNMENT BOUND BY SAME RULES AS INDIVIDUALS.

   The government, when dealing with commercial paper, is bound to
   observe the same rules respecting vigilance that are enforced against
   individuals.

*Assumpsit* by the United States against the Central Na-
tional Bank, to recover the amount of the following check
paid by plaintiff to defendant upon a forged indorsement:

"No. 6640.                    WASHINGTON, March 24, 1868.

   "Assistant treasurer of the United States pay to the order
of Jos. Barr one hundred dollars.

"$100.                         C. HOLMES,

                              "Paymaster U. S. A.

   [Indorsed]—"JOSEPH BARR,
                   "JAS. BARR,
                   "JAMES M. SELLERS."

The check had been presented and paid in due course.
Sometime between May 27, 1879, and July 26, 1879, the
United States received notice that the indorsement of the
name of James Barr was a forgery, and on July 31, 1879,
brought this suit to recover the amount of the check.   No
notice of the forgery had been given to the defendant prior to
the bringing of suit.

   The court directed a verdict for plaintiff, subject to the de-
cision of the court upon the following point of law reserved,

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

viz.: that "the United States was bound to give notice to the defendant of the forged indorsement within a reasonable time after the check came into its hands and was paid by it, and its failure to give such notice and make claim on the defendant amounts to such negligence as will bar a recovery." Defendant moved for judgment *non obstante veredicto* on the point reserved. *McKennan*, C. J., was present at the argument of the rule.

*John K. Valentine*, U. S. Dist. Att'y, for plaintiff.

*Edward L. Perkins*, for defendant.

BUTLER, D. J. Judgment must be entered for the defendant on the reserved points. The case is ruled by the *U. S.* v. *Cooke*, decided in this court in 1872: 9 Phila. Reps. 468.\* I do not find any case inconsistent with this, unless it be the *U. S.* v. *The Second Nat. Bank of Jersey City*,, decided in the New Jersey district in 1872. That case involved the point. The question does not appear to have been pressed, however, by counsel, or considered by the court. No good reason can be assigned for relieving the government, when dealing with commercial paper, from observance of the rules respecting vigilance, which are enforced against individuals; that this view is entertained by the supreme court, is plainly indicated by the case of *Cooke* v. *U. S.* 91 U. S. 397.

\*This case was argued before the late Judge Cadwalader, and the opinion delivered by him, but it was understood that *McKennan*, C. J., concurred therein.