UNITED STATES v. NATIONAL EXCH. BANK OF BOSTON et al.

(Circuit Court, D. Massachusetts. October 2, 1905.)

No. 1,191.

BILLS AND NOTES—FORGED INDORSEMENT—RECOVERY OF PAYMENTS—DEFENSES.

Where plaintiff by honest mistake paid money to defendant upon a check bearing a forged indorsement, mere delay in notifying defendant of the discovery of the forgery, although unnecessary and unreasonable, will not defeat the right to recover back the money paid, in the absence of evidence that the delay has worked damage to defendant.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1273.]

At Law.

The United States Attorney.

Charles K. Cobb, for defendants.

LOWELL, Circuit Judge. This was a suit at law to recover back money paid by the plaintiff to the defendant upon a pension check bearing a forged indorsement. By the agreed statement of facts it appears that the checks were issued quarterly by the United States Pension Agent at Boston between 1884 and 1897. Some of the persons to whose order the checks were drawn were then dead. Others were remarried widows not entitled to a pension. On June 18, 1897, the special examiner of the Pension Bureau reported to the Bureau that the indorsements of some of the checks in suit were probably forged by Munson. On December 18, 1897, notice of these forgeries was given to the defendant by the United States attorney at Providence, and the defendant was informed that at a proper time reclamation would be made upon it. At various dates between February 19 and May 28, 1898, the indorsements upon the other checks were discovered to be forgeries. On July 22, the United States attorney made demand upon the defendant. The writ was dated August 27, 1901. The defendant's amended answer set up that the suit was not brought within a reasonable time after payment of the checks to the defendant; that notice of the forgeries was not given within reasonable time after their discovery; and that if the plaintiff had not been negligent in the discovery, or had promptly given notice thereof, the defendant would have been able to reimburse itself for money paid out by it. No evidence appears of the last allegation, except that above stated.

One who has paid money to another upon a check bearing a forged indorsement may ordinarily recover back the money paid, even though the other be an innocent holder of the check for value. As a general proposition, this is not disputed. But recovery cannot be had, where it would be inequitable, and especially where the negligence of the plaintiff in making the payment, or his delay after discovering the forgery in notifying the defendant, has damaged the latter. The defendant here relies upon the plaintiff's delay in giving notice of the forgery after its discovery. In dealing with commercial paper, the rights of the United States are in these respects like the rights of any other litigant. The delay was considerable, from two to six months. No reason for it is shown, and it must be taken to be unjustified. This, therefore, is the question presented for decision: If A., by honest mistake, pays money to B. upon a check bearing a forged indorsement, and then unnecessarily and unreasonably delays to notify B. of the discovery of the forgery, can he recover back from B. the money paid, in the absence of evidence that the delay has worked damage to B.?

Upon the whole, the authorities answer this question in the affirmative. Daniel on Neg. Inst. (4th Ed.) par. 1372; Oppenheim v. West Side Bank (Sup.) 50 N. Y. Supp. 148, 152; Bank of Commerce v. Mechanics' Bank, 55 N. Y. 211, 215, 14 Am. Rep. 232; Kingston Bank v. Eltinge, 40 N. Y. 391, 396, 100 Am. Dec. 516; Mayer v. Mayor of N. Y., 63 N. Y. 455; Iron City Bank v. Ft. Pitt Bank, 159 Pa. 46, 52, 28 Atl. 195, 23 L. R. A. 615; Third Bank v. Allen, 59 Mo. 310; Koontz v. Central Bank, 51 Mo. 275; U. S. v. Park Bank (C. C.) 6 Fed. 852. In most of the cases cited to support the defendant's contention (see U. S. v. Cooke, Fed. Cas. No. 14,855; U. S. v. Cent. Bank [D. C.] 6

Fed. 134; U. S. v. Clinton Bank [C. C.] 28 Fed. 357; U. S. v. Exchange Bank [C. C.] 45 Fed. 163), there was little consideration of the case of delay without resulting damage, as distinguished from that of delay with damage shown or reasonably inferred.   Payment by mistake is the basis of the plaintiff's recovery.   The right based on the mistake is effectual, unless the plaintiff is estopped to assert it.   Negligence without resulting damage does not create an estoppel.   While delay is irritating, while in some cases it may give rise to a presumption of fact that damage has ensued, yet, unless some damage to the defendant is shown, mere delay is insufficient to defeat the plaintiff's recovery. In the case at bar damage is alleged, but the agreed facts contain no evidence to support the allegation.

Judgment to be entered for the plaintiff.