FIRST NATIONAL BANK IN MILES CITY, RESPONDENT, *v.* FEDERAL RESERVE BANK OF MINNEAPOLIS, APPELLANT.

(No. 6,684.)

(Submitted November 14, 1930. Decided January 2, 1931.)

[294 Pac. 1105.]

*Mr. T. B. Weir* and *Mr. Harry P. Bennett,* for Appellant.

*Messrs. Loud & Leavitt,* for Respondent.

594

MR. JUSTICE FORD delivered the opinion of the court.

H. G. Morrison drew his check on plaintiff to the order of Herbert Smith. The check, dated Miles City, October 31, 1927, was mailed by the maker to the payee, which in some manner came into the hands of one Sidney Smith, who forged the indorsement of the payee and then indorsed the check and cashed it at the mercantile establishment of Jean McIntire, in Polson. McIntire indorsed the check to his local bank at Polson, and in the usual course of check clearing it reached the defendant on November 12, 1927, was presented to the plaintiff at Miles City in the regular course of business and was paid by plaintiff and charged to the account of Morrison.

On May 25, 1928, or thereabouts, Morrison discovered that the indorsement of Herbert Smith was a forgery. Such action was thereafter taken by Morrison that Sidney Smith was convicted and sentenced to the state prison. Morrison did not notify plaintiff or defendant of the forgery until after Smith's conviction, approximately eleven months after discovery of the forgery. Upon receipt of notice of the forgery plaintiff promptly notified defendant.

The record discloses that at all times after the discovery of the forgery by Morrison, on May 25, 1928, the forger, Sidney Smith, was not the owner of any property whatsoever and was insolvent and unable to pay his debts or obligations. The merchant and the several banks through which the check passed are solvent. The indorsement of the check by McIntire is neither restrictive, qualified nor conditional, and the indorsements of the several banks are in the usual form of bank indorsements for check clearing purposes.

Plaintiff commenced this action in June, 1929, and, as a defense defendant pleaded, first, estoppel based solely on the delay in giving notice of the forgery after discovery, and, second, estoppel based on the negligent delay in giving notice of the forgery after discovery, coupled with the allegation that the delay had resulted in loss of opportunity to recover damages from the forger. To these defenses plaintiff demurred

and the court sustained the demurrer as to the first defense, and overruled it as to the second defense. The cause was tried to the court sitting without a jury. The court found that from the time the forgery was discovered, the forger had been wholly insolvent, and concluded as a matter of law "that the maker of said check did not, and therefore plaintiff bank did not, owe any duty to defendant to discover the forged indorsement of the payee's name. That defendant is not relieved from its obligation arising from the indorsement to the plaintiff of the check * * * by the mere delay of the maker, or the plaintiff bank in not giving the defendant notice of the forged indorsement after discovery," and that defendant having failed to establish that it had suffered any loss or disadvantage by reason of the delay in giving notice of the forged indorsement after discovery, is bound, by reason of its indorsement of the check to plaintiff, to make good the amount of the check. Judgment was accordingly entered in favor of plaintiff, from which defendant appeals.

The rule is well established by a long line of authorities that a bank upon which a check is drawn and which has paid the same upon a forgery of the payee's indorsement, is entitled to recover from the collecting bank the money paid thereon, and is not estopped because of mistaking the genuineness of the signature of the payee, which it is not bound to know. (7 C. J. 692–694; *Leather Manufacturers' Nat. Bank* v. *Merchants' Nat. Bank*, 128 U. S. 26, 32 L. Ed. 342, 9 Sup. Ct. Rep. 3; *Houseman-Spitzley Corp.* v. *American State Bank*, 205 Mich. 268, 171 N. W. 543; *Citizens Bank* v. *Commercial Sav. Bank*, 209 Ala. 280, 96 South. 324; *Wellington Nat. Bank* v. *Robbins*, 71 Kan. 748, 114 Am. St. Rep. 523, 81 Pac. 487; *Corn Exchange Bank* v. *Nassau Bank*, 91 N. Y. 74, 43 Am. Rep. 655; *First Nat. Bank* v. *City Nat. Bank*, 182 Mass. 130, 94 Am. St. Rep. 637, 65 N. E. 24.) That this is the general rule is conceded by defendant, but it insists that plaintiff's right of recovery is affected by (1) estoppel based solely on the delay in giving notice of the forgery after discovery, and (2) estoppel based on negligent delay in giving notice of the forgery after

discovery, coupled with the allegation that the delay resulted in loss of opportunity to recover damages from the forger.

When defendant presented the check with the forged indorsement to plaintiff and procured payment of the amount thereof, even if it made no express warranty, in law it represented that the indorsement was genuine and, plaintiff being in ignorance of the forgery, defendant is liable for the money thus received; there was no consideration for this payment. Plaintiff's right of action does not depend upon any express promise or warranty, but rather upon the implied warranty that all preceding indorsements are genuine and that it had good title to the check (secs. 8472, 8473, Rev. Codes 1921). The indorsement of the payee having been forged, the warranties were broken, defendant had no title whatever to the check and, consequently, no right to collect any money thereon, and plaintiff is entitled to recover the amount paid and its right to recover was not affected by delay in giving notice of the forgery after discovery. (*Leather Manufacturers' Nat. Bank* v. *Merchants' Nat. Bank,* supra; *United States* v. *National Exchange Bank,* 214 U. S. 302, 16 Ann. Cas. 1184, 53 L. Ed. 1006, 29 Sup. Ct. Rep. 665; *American Exchange Nat. Bank* v. *Yorkville Bank,* 122 Misc. Rep. 616, 204 N. Y. Supp. 621; *Yatesville Banking Co.* v. *Fourth Nat. Bank,* 10 Ga. App. 1, 72 S. E. 528.)

Whether plaintiff's right to recover would be affected in the event defendant had suffered loss or injury by reason of the delay in giving notice of the forgery after discovery need not be determined. While this question is raised by defendant's answer, it was stipulated by counsel that at all times after the discovery by the said H. D. McIntire, on May 25, 1928, and thereafter, the said Sidney Smith, the forger, was not the owner of any property whatsoever and was wholly insolvent and unable to pay his debts and obligations, and that all indorsers subsequent to the signature of the forger are solvent. So that defendant does not bring itself within the exception announced by many courts, i. e., that though the right of action is not affected by a delay in notice to a collecting bank,

because of money or property obtained on a forged bill, note or other instrument, yet such bank may defend on the ground that delay in notice after discovery resulted in actual prejudice. (*Ladd & Tilton Bank* v. *United States*, 30 Fed. (2d) 334; *United States* v. *National Park Bank*, 6 Fed. 852; *Maryland Casualty Co.* v. *Dickinson*, 213 Ky. 305, 280 S. W. 1106; *First Nat. Bank* v. *Wolfe*, 140 Mo. 479, 25 A. L. R. 172, and note, 117 Atl. 898; 8 C. J. 609; see, also, *Hogan* v. *Thrasher*, 72 Mont. 318, 233 Pac. 607.)

For the reasons given the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.